UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Malik Al-Mustafa El-Alamin,
a/k/a Eric Britten,

        Plaintiff,

  v.                        **MEMORANDUM OPINION AND ORDER**
                                  Civ. No. 07-4879 ADM/JJK

Kurt Radke, Jeffrey Miller
Elizabeth Dea, Erick Fleck and
Minneapolis Police Department,

        Defendant.

---

Malik Al-Mustafa El-Alamin, pro se.

Sara J. Lathrop, Esq., Assistant City Attorney, Minneapolis, MN, for Defendants Kurt Radke, Jeffrey Miller, Elizabeth Dea, and the Minneapolis Police Department.

Julie K. Bowman, Esq., Assistant Hennepin County Attorney, Minneapolis, MN, for Defendant Erick Fleck.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Plaintiff Malik Al-Mustafa El-Alamin's ("El-Alamin") Motion Pursuant to Fed. R. Civ. P. Rule 60(b) [Civil Docket No. 116][1] ("Motion to Reopen"). El-Alamin seeks to reopen his 2007 civil rights case, dismissed in February 2009, on the basis of new evidence and Defendants' alleged

---

[1] The present motion concerns two related cases. In one case, Criminal No. 06-173, El-Alamin was found guilty of being a felon in possession of a firearm and possession with intent to distribute cocaine. In the other case, Civil No. 07-4879, El-Alamin alleged multiple federal claims against the present Defendants. Accordingly, references to the docket in Criminal No. 06-173 will be to the "Criminal Docket" and references to the docket in Civil No. 07-4879 will be to the "Civil Docket."

fraud upon the court. For the reasons enunciated below, El-Alamin's Motion to Reopen is denied.

## II. BACKGROUND

On April 17, 2006, Police Officer Kurt Radke ("Officer Radke") applied for a search warrant to search El-Alamin and his residence for drugs and drug evidence. See Lathrop Aff. [Civil Docket No. 50] Ex. 1 at 4. The factual support for the warrant largely stemmed from information Officer Radke was provided by a Confidential Reliable Informant ("CRI"). Id. at 3. The warrant was issued based on the CRI's information, a controlled buy, and corroborating evidence set forth in the search warrant application. Id. at 4. El-Alamin was indicted by a grand jury for being a felon in possession of a firearm and for possession with intent to distribute cocaine. Bowman Aff. [Civil Docket No. 43] Ex. A. On April 25, 2007, a jury found El-Alamin guilty of both counts. Bowman Aff. Ex. D.

During his criminal case, El-Alamin sought disclosure of information regarding the CRI, including Officer Radke's CRI file. See United States v. El-Alamin, 574 F.3d 915, 926 (8th Cir. 2009). Chief Judge Michael Davis conducted an *in camera* review of the CRI file and information and concluded that the papers did not need to be disclosed to El-Alamin. Id. at 927. After his criminal conviction, El-Alamin appealed to the U.S. Court of Appeals for the Eighth Circuit, claiming in part that his lack of access to the CRI information violated his right to confrontation. Id. The Eighth Circuit disagreed, upholding El-Alamin's conviction and sentence. The Eighth Circuit found the *in camera* review of the CRI information disclosed no information relevant to El-Alamin's defense, and therefore his lack of access did not violate his right to confrontation. Id. at 927.

El-Alamin also filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence.  See Movant's Proposed Mem. of Law in Support of § 2255 Motion [Criminal Docket No. 219].  One of El-Alamin's arguments was again that the court erred in not requiring disclosure of the CRI information.  Id.  Moreover, El-Alamin argued that Officer Radke committed perjury by testifying that no CRI file existed.  Id.  Chief Judge Davis denied the 28 U.S.C. § 2255 motion, affirming that based upon his *in camera* review of the CRI file, it did not need to be disclosed.  Amended Order [Criminal Docket No. 220] 7–8.  El-Alamin moved to alter or amend his judgment, but that too was denied.  July 22, 2011 Order [Criminal Docket No. 226].

In 2007, El-Alamin filed a civil rights suit against Officer Radke, Sergeant Jeffrey Miller, Sergeant Elizabeth Dea, Deputy Erick Fleck, and the Minneapolis Police Department, which included an allegation that Officer Radke lied under oath to obtain a search warrant.  Notice of Removal [Civil Docket No. 1] Ex. 1 ("Complaint").  Defendants brought Motions for Summary Judgment [Civil Docket Nos. 41, 48].  Magistrate Judge Jeffrey J. Keyes issued a Report and Recommendation [Civil Docket No. 82] recommending that El-Alamin's case be dismissed with prejudice.  This Court granted Defendants' Motions for Summary Judgment on February 5, 2009.  See Feb. 5, 2009 Order [Civil Docket No. 87].  On March 5, 2012, El-Alamin filed his present Motion to Reopen.

### III.  DISCUSSION

El-Alamin's Motion to Reopen is filed pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a court to relieve a party from a final judgment based upon a list of enumerated reasons, including "newly discovered evidence that, with reasonable diligence, could

not have been discovered in time to move for a new trial under Rule 59(b)," as well as "fraud . . ., misrepresentation, or misconduct by an opposing party." Id. 60(b)(2, 3). Rule 60(b) also permits a court to offer relief from a final judgment for "any other reason that justifies relief." Id. 60(b)(6). Rule 60(b) motions must be made within a reasonable time, and for reason of fraud or newly discovered evidence, must be brought "no more than a year after the entry of the judgment or order . . . ." Id. 60(c)(1). Additionally, a motion to vacate based on fraud by a non-party may be brought pursuant to Rule 60(b)(6), but absent special circumstances, this Rule 60(b)(6) must also be made within one year. Jones v. Swanson, 512 F.3d 1045, 1049 (8th Cir. 2008).

Relief under Rule 60(b) is extraordinary and is granted only upon an "adequate showing of exceptional circumstances." U.S. Xpress Enterp., Inc. v. J.B. Hunt Transport., Inc., 320 F.3d 809, 815 (8th Cir. 2003) (citation omitted). Rule 60(b) motions are viewed with disfavor. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984). To prevail under Rule 60(b)(2), the movant must demonstrate that: (1) the evidence was discovered after trial; (2) he exercised due diligence to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result in a new trial. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). Relief under Rule 60(b)(3) is warranted only when the movant shows, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case. Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 372–73 (8th Cir. 1994). Fraud under Rule 60(b)(3) is "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be

tolerated with the good order of society." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944) overruled on other grounds by Standard Oil Co. of Cal. v. U.S., 429 U.S. 17, 18 (1976). It is a fraud committed against the court, not against an individual. Heim v. Comm'r of Internal Revenue, 872 F.2d 245, 249 (8th Cir. 1989). Rule 60(b)(6) relief is available only where "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

El-Alamin's Motion to Reopen based on fraud and newly discovered evidence is made more than two years after the one-year deadline elapsed and is therefore untimely. This Court entered final judgment in this case on February 5, 2009. Under Rule 60(c)(1), El-Alamin had a year from that date — until February 5, 2010 — to timely file his Rule 60(b) Motion to Reopen. El-Alamin's motion, filed on March 5, 2012, is untimely under Rule 60(b)(2 and 3) and therefore should be denied on this basis. Because the grounds for El-Alamin's Rule 60(b)(6) motion are the alleged fraud and newly discovered evidence, it is also subject to the one-year deadline and is untimely too.

El-Alamin's Rule 60(b) Motion based on alleged new evidence is also unavailing because the evidence he addresses was available to him during his criminal trial and civil action. Specifically, El-Alamin alleges that Officer Radke perjured himself during the criminal trial and that Defendants' counsel falsely represented she lacked information about the CRI. Neither of these allegations are based on new evidence. Officer Radke's testimony concerning the CRI file occurred during El-Alamin's jury trial in April 2007. In 2007, Chief Judge Davis conducted an *in camera* review of the CRI file and determined that it did not need to be disclosed to El-

Alamin. El-Alamin, 574 F.3d at 927. The Defendants' attorney stated to El-Alamin in a May 2008 letter that her "clients do not have any information in their files about a confidential reliable informant." Mot. to Reopen Ex. 1. Therefore, by at least May 2008, El-Alamin knew of the purported perjury, withheld evidence, and false representations. Nowhere in his Motion to Reopen does El-Alamin contend that, or even explain why, this evidence "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). El-Alamin possessed all this evidence when this Court issued its February 5, 2009 Order dismissing his civil suit. Therefore El-Alamin has not presented any "new evidence" warranting a Rule 60(b)(2) motion. El-Alamin's Motion to Reopen on the grounds of newly discovered evidence must therefore be denied.

Similarly, El-Alamin's Motion to Reopen on the basis of fraud also lacks merit. El-Alamin has failed to show that fraud or misrepresentation was committed on the Court or that he was not afforded the opportunity to fully and fairly present his case. Although El-Alamin claims that Defendants' counsel falsely stated her clients did not have any CRI information, he has not shown that this amounted to fraud on the Court. Rather, Chief Judge Davis specifically stated that, "With regard to whether Radke falsely testified about the existence of the C.I. file, the Court notes that it reviewed this file *in camera* during the trial, and concluded, based on that review, that the file need not be turned over." Amended Order 7–8. Moreover, El-Alamin has fully and fairly presented his case, including his present claims of perjury, fraud, and withheld evidence. El-Alamin specifically moved the Court in his criminal and civil suits to compel production of Officer Radke's CRI information. See El-Alamin, 574 F.3d at 926–27; and June 26, 2008 Order [Civil Docket No. 47] at 4–8. Three courts have determined that, based upon the

privilege of a governmental informant's identity, the CRI information did not need to be produced to El-Alamin.  See supra Section II.  Even if Defendants' counsel had committed fraud on the Court, this alleged fraud did not prevent El-Alamin from fully and fairly presenting his case.  Accordingly, his Motion to Reopen based on fraud also fails and is denied.

Lastly, El-Alamin has failed to establish the exceptional circumstances warranting his Motion to Reopen pursuant to Rule 60(b)(6).  Specifically, El-Alamin raises no arguments as to how he was denied the full and fair opportunity to litigate his claim or how he was prevented from receiving adequate redress.  Rather, El-Alamin has had more than sufficient opportunity to assert these specific complaints in open court on numerous occasions — in 2007 during his criminal trial and appeals, during his 2007 civil suit, and during his motion to vacate his criminal sentence.  El-Alamin has consistently sought the CRI information in all these proceedings, and the courts have consistently ruled as a matter of law that they need not be disclosed.  No exceptional circumstances exist here, and El-Alamin's Motion to Reopen under Rule 60(b)(6) must be denied.

## IV.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that El-Alamin's Motion to Reopen [Civil Docket No. 116] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 24, 2012.